IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JAMES ADEYEMI, | * |
| Plaintiff, | * |
| v. | *    Civil No. ELH-19-3207 |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, | * |
| Defendant. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

This Memorandum resolves a "Motion to Reconsider with the Correction of the Memorandum Opinion" filed by the self-represented plaintiff, James Adeyemi, seeking reconsideration of the Court's dismissal of this case. ECF 18 (the "Motion"). The Motion includes one exhibit. ECF 18-1.

In this employment discrimination case, plaintiff, who is deaf, filed a "Complaint of Defamation and Retaliation" against his former employer, the Maryland Department of Public Safety and Correctional Services ("DPSCS"). ECF 1 ("Complaint"). The Complaint, which was accompanied by 29 exhibits, seemed to assert two claims against defendant DPSCS: defamation, under Maryland law, and retaliation, under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"). ECF 1 at 2. Plaintiff sought "compulsory damage and [recovery for] financial loss." *Id.*

Defendant moved to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56. ECF 12. The motion was supported by a memorandum (ECF 12-1) and thirteen exhibits.

On May 5, 2021, I granted defendant's motion. ECF 16 (Memorandum Opinion); ECF 17 (Order). I dismissed plaintiff's ADA claim under Fed. R. Civ. P. 12(b)(1), without prejudice, as barred by state sovereign immunity. ECF 16 at 7-14. And, I declined to exercise supplemental jurisdiction with respect to plaintiff's defamation claim. *Id*. at 14-19. I noted that dismissal was without prejudice to plaintiff's right to file suit in State court within thirty days of the entry of the Order of dismissal. *Id*. at 18-19.

On May 17, 2021, plaintiff filed the pending Motion. ECF 18. The Motion seeks reconsideration of my rulings of May 5, 2021. *See* ECF ECF 16; ECF 17.

In particular, plaintiff cites five "factors" for reconsideration: "Eleventh Amendment," "Liability," "ADA Retaliation," "The Question of Relief," and "MTCA" (referring to the Maryland Tort Claims Act, Md. Code (2014 Repl. Vol., 2018 Supp.), §§ 12-101 *et seq*. of the State Government Article ("S.G.")). *Id*. at 2-8. Defendant opposes the Motion. ECF 19. And, plaintiff has replied, accompanied by an exhibit. ECF 20; ECF 20-1.

For the reasons that follow, I shall deny the Motion.

## I.      Legal Standard

Without specifying a particular rule or basis, plaintiff's Motion is styled, "Motion to Reconsider with the Correction of the Memorandum Opinion." ECF 18 at 1. The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 565 U.S. 825 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief

from judgment under Fed. R. Civ. P. 60(b).  *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278-80 (4th Cir. 2008).

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment."  It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order."  *See In re Burnley*, 988 F.2d 1, 2-4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion).

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, DKC-13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015).

Here, the Motion was filed on May 17, 2021, twelve days after I granted defendant's motion to dismiss.  Because plaintiff filed for reconsideration within 28 days of my order dismissing this action, I will consider the Motion under Rule 59(e).

Fed. R. Civ. P. 59(e) "permits the district court to reconsider a decision in certain circumstances."  *Ross v. Early*, 899 F. Supp. 2d 415, 420 (D. Md. 2012) (citing Fed. R. Civ. P. 56(e)), *aff'd*, 746 F.3d 546 (4th Cir. 2014).  The plain language of Rule 59(e) does not provide a particular standard by which a district court should evaluate a motion to alter or amend judgment. However, the Fourth Circuit has clarified: "Our case law makes clear [ ] that Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotations omitted); *see United States ex el Carter v. Halliburton Co.*, 866 F. 3d 199, 210-11 (4th Cir. 2017), *cert. denied*, —— U.S. ——, 138 S. Ct. 2674 (2018); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006); *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002), *cert. denied*, 538 U.S. 1012 (2003); *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

As indicated, a district court may amend a judgment under rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Another purpose of Rule 59(e) is to "permit[ ] a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)), *cert. denied*, 525 U.S. 1104 (1999). But, the Fourth Circuit has cautioned that a party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*; see also *Nat'l Ecol. Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (citation omitted). In other words, "[a] motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); see 11 WRIGHT ET AL., FED. PRAC. & PROC. CIV. § 2810.1 (3d ed.) ("In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied").

4

Notably, "[m]ere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082; *see United States ex rel. Becker*, 305 F.3d at 290. Indeed, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (citation omitted).

## II.    Discussion

As noted, a Rule 59(e) motion for reconsideration should be granted only to accommodate an intervening change in controlling law, to account for new evidence not available at trial, or to correct a clear error of law or prevent manifest injustice. *Zinkand*, 478 F.3d at 637 (internal quotations omitted). Plaintiff has identified no such grounds in his Motion. As best as I can understand them, I briefly discuss each of plaintiff's five "factors" below.

Plaintiff's first factor is labelled "Eleventh Amendment." ECF 18 at 3-4. This section does not support any of the recognized grounds to grant a Rule 59(e) motion. Plaintiff's major argument is that the Eleventh Amendment does not bar his suit because he is a citizen of Maryland. *Id.* at 3. "By its terms the Amendment applies only to suits against a State by citizens of another State, [but the Supreme Court's] cases have extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (collecting cases).

Plaintiff also misapprehends the nature of my previous ruling. Plaintiff states: "[T]he department argued that I should make a contact with MTCA, and the court disagreed and ordered me to file a suit in State's Circuit Court within 30 days." ECF 18 at 4. I did not "order" plaintiff to file suit; I merely ruled that he *could* do so. In addition, in granting defendant's motion to dismiss, I explicitly did not consider defendant's argument that plaintiff did not comply with the MTCA. ECF 18 at 18 n.4.

Plaintiff's second factor is styled "Liability." ECF 18 at 5-6. Much of this section is a series of irrelevant allegations regarding employees of the Human Resources Services Division ("HRSD") of DPSCS. Insofar as there is a legal argument here, plaintiff contends that HRSD employees are not "the arm of [the] state" entitled to sovereign immunity. But, plaintiff's suit named DPSCS as an entity, not any individuals. *See* ECF 1 at 1. Regardless, there is nothing in this section to warrant granting a Rule 59(e) motion.

Plaintiff's third factor is "ADA Retaliation." ECF 18 at 6. It is not clear what plaintiff means in this section. He contends: "The court stated that the plaintiff didn't cite the relevant title of the ADA applied in the complaint. That is not true because I am deaf by disability that is required to be considered for throughout the title of the ADA." *Id*.

Plaintiff misunderstands the Court's point. In my ruling, I explained that although the plaintiff "does not cite the relevant title of the ADA in his Complaint," based upon his retaliation allegations his claim must arise under Title V, predicated on Title I because the alleged retaliation related to complaining about employment discrimination. ECF 16 at 9. And, for both a claim brought under Title I itself or a Title V retaliation claim premised on Title I, sovereign immunity applies. *Id*. at 12-13. Again, this section makes no arguments to support a Rule 59(e) motion.

The fourth factor invoked by plaintiff is labelled "The Question of Relief." ECF 18 at 6-7. In this section, plaintiff argues that "it is not true that the court stated that Adeyemi seems to seek only money damages." *Id*. at 6. He goes on to say that "the court forced" him to claim monetary damages, and "never question[ed]" if he was interested in injunctive relief, which he would "gladly accept." *Id*. Presumably, this is a reference to the Court noting that the exception to sovereign immunity for prospective injunctive relief did not apply to plaintiff, because he sought only money damages. ECF 16 at 13.

The Court did not "force" the plaintiff to claim any sort of damages.  Rather, it merely proceeded on the basis of plaintiff's Complaint.  In his Complaint, plaintiff sought "relief for compulsory damage and financial loss"—that is, money damages.  ECF 1 at 1.  Under "Relief," he wrote: "I would request the court to compensate the defendant for deliberately action of violating the policy for punitive damages [sic]."  *Id*. at 15.  His Complaint made no mention of injunctive relief.  Nor can plaintiff request a different type of relief via a motion for reconsideration.

In this section, plaintiff also expresses a "wish" for court-ordered "mediation."  ECF 18 at 7.  Nothing in plaintiff's arguments in this section states a ground for granting a Rule 59(e) motion.

Plaintiff's final factor is titled "MTCA."  ECF 18 at 8.  This section states in its entirety:

> I think the defendant offered to help me get money damage through MTCA.  I want to thank the court for not accepting the idea of requiring me to apply for a relief through MTCA since before I could not prove that I was suffering through lying by HRSD for employment verification.  Now after this court verified that DPSCS did retaliate Adeyemi, I can use the order for a proof but I didn't know how much I could ask for.  That is a big problem.  AGAIN I AM NOT INTERESTED IN MONEY.  I WANT A JOB.

The court did not reach the merits of plaintiff's retaliation claim, much less "verify" any claim of retaliation.  Nor did the court issue any ruling one way or the other as to defendant's MTCA argument.  And, defendant has rejected plaintiff's assertion that it offered to help him get money damages via the MTCA, saying it was merely arguing that the MTCA was plaintiff's sole avenue for a defamation claim against the State.  ECF 19 at 7.

In sum, plaintiff has failed to provide any of the recognized grounds for granting a Rule 59(e) motion: an intervening change in controlling law, new evidence not previously available, a clear error of law, or manifest injustice.  Instead, his arguments variously misconstrue the Court's previous ruling, disagree with its conclusions, present arguments he could have presented during

briefing on the motion to dismiss, or attempt to alter his claim.  This does not suffice to grant a Rule 59(e) motion.

### III.    Conclusion

For the reasons set forth above, I shall deny the Motion.  An Order follows, consistent with this Memorandum.


Dated:  September 21, 2021                                        /s/
                                                        Ellen L. Hollander
                                                        United States District Judge